**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADERIANCE RAGLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-722-L |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss (Doc. 13), filed May 12, 2016. After careful consideration of the motion, pleadings, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion to Dismiss. Specifically, the court **dismisses with prejudice** Plaintiff Aderiance Ragland's ("Plaintiff" or "Ms. Ragland") discrimination claims for failure to train in violation of the Americans with Disability Act ("ADA") and Age Discrimination in Employment Act ("ADEA") that arose from her Equal Employment Opportunity Commission ("EEOC") Charge No. 451-2015-00560 ("First Charge"), as those claims are procedurally time-barred for her failure to file suit within 90 days of receiving her right-to-sue letter. Further, the court **denies without prejudice** Defendant's Motion to Dismiss Plaintiff's discrimination claims for failure to hire in violation of the ADA, ADEA, Title VII of the Civil Rights Act of 1964 ("Title VII"),* and retaliation that arose from her EEOC Charge No. 450-2015-02903 ("Second Charge");

---

* Plaintiff alleges that Defendant discriminated against her in violation of Title VII in the first sentence of her Complaint; however, she does not mention Title VII anywhere else in her Complaint. It is unclear to the court whether Plaintiff intends to raise this claim in her Complaint.

**Memorandum Opinion and Order - Page 1**

and **orders** Ms. Ragland to amend Plaintiff's Complaint ("Complaint") to address the deficiencies identified by the court. Ms. Ragland did not file a response to the motion to dismiss.

## I.   Factual and Procedural Background

Ms. Ragland filed this action against Dallas County Community College District ("Defendant" or "DCCCD") on March 14, 2016, contending that while she was employed by Defendant from 2012 to 2015, it discriminated against her in violation of Title VII, the ADA, and the ADEA. Plaintiff also contends that Defendant retaliated against her for bringing the allegedly discriminatory allegations against DCCCD.

Given the paucity of the allegations set forth in the Complaint, the court is not certain of the factual bases for her suit against Defendant. From what the court can ascertain, Plaintiff worked as an Academic Advisor from 2012 to 2015 at El Centro Community College, which is a DCCCD school. Plaintiff contends that her work environment was full of overt criticisms evidenced by five discriminatory actions. With respect to her age discrimination claim, Plaintiff alleges that Defendant discriminated against her by: (1) refusing to promote her to the position of Academic Advisor II; and (2) not providing her with additional professional development to enhance her skills so that she could be promoted. With respect to her disability claim, Plaintiff contends that Defendant violated the ADA by: (1) failing to accommodate her cognitive rehabilitation that arose after her stroke; (2) failing to accommodate her other physical conditions while she was under the care of the Department of Assistive and Rehabilitation Services of Texas ("DARS"); and (3) denying her a position at another DCCCD school. Plaintiff also asserts that after she raised claims of discrimination against DCCCD, her working environment became increasingly hostile, which interfered with the accommodations suggested by DARS.

Before filing her lawsuit, Ms. Ragland submitted two charges of discrimination to the EEOC and Texas Workforce Commission Civil Right Division ("TWC"). Defendant contends that the court lacks jurisdiction with respect to all of Plaintiff's claims, as she has either failed to file suit timely or failed to exhaust her administrative remedies. Further, Defendant contends that even if the court had jurisdiction over Plaintiff's claims, those claims should still be dismissed for her failure to state a claim upon which relief can be granted.

## II. Applicable Standards

### A. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction sua sponte.") (citation omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### B.     Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631

F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Discussion

#### A. Exhaustion of Remedies

Defendant contends that all of Plaintiff's claims ought to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction because she has not exhausted her administrative remedies. With respect to the First Charge, Defendant contends that Plaintiff is procedurally time-barred from filing these claims. With respect to Plaintiff's Second Charge, Defendant contends that Plaintiff has not exhausted her administrative remedies because she never filed a perfected charge with the EEOC.

A plaintiff must first exhaust his or her administrative remedies before pursuing employment discrimination claims in federal court under Title VII, the ADA, and the ADEA. *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207 (5th Cir. 2015) (citation omitted). "For Title VII and ADA claims, '[e]xhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id*. (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)). Upon receipt of a right-to-sue letter, the plaintiff has ninety days to file a lawsuit. 42 U.S.C. § 2000e–5(f)(1); *Zamora v. GC Servs., L.P.*, 647 F. App'x 330, 332 (5th Cir. 2016); *Garcia*, 631 F. App'x at 207; *Taylor*, 296 F.3d at 379. This ninety-day statute of limitations is strictly construed. *Garcia*, 631 F. App'x at 207 (citing *Taylor*, 296 F.3d at 379). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Id.* (citation omitted).

For ADEA claims, a plaintiff has a different procedure for exhaustion of administrative remedies. First, the plaintiff must file a charge with the EEOC and then wait 60 days before he or she can file a suit. 29 U.S.C § 626(d); *Hawkins v. Frank Gillman Pontiac*, 102 F. App'x 394, 397 (5th Cir. 2004) (citing *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002)). Once a person receives his or her right-to-sue letter, the person has ninety days to file a complaint with the court. 29 U.S.C. § 626(e). Stated another way, "[t]he time period for filing suit under the ADEA is no earlier than 60 days after a charge is filed and no later than 90 days after receiving a right-to-sue letter from the EEOC." *Hawkins*, 102 F. App'x at 397 (citing 29 U.S.C. § 626(d)-(e)). Unlike persons suing under Title VII and the ADA, those suing under the ADEA, "need not wait on a right-to-sue letter to be issued by the EEOC before [the person] files suit." *Id*. (citation omitted).

### 1. Plaintiff's First Charge with the EEOC

On March 31, 2015, the EEOC dismissed Plaintiff's first charge and issued her a right-to-sue letter. Plaintiff filed this action on March 14, 2016, nearly a year after she received her right-to-sue letter. As Plaintiff failed to file suit within the required 90-day period, her claims that Defendant discriminated against her by denying her request to attend professional development training on February 12, 2014, and April 2, 2014, in violation of the ADA and ADEA, and any other claims that may have arisen from her First Charge, will be dismissed as procedurally time-barred. This dismissal, however, is procedural, not jurisdictional; therefore, these claims will be dismissed with prejudice.

### 2. Plaintiff's Second Charge with the EEOC

Defendant contends that Plaintiff's discrimination claims for failure to hire her in violation of the ADA, ADEA, Title VII, and retaliation that arose from her Second Charge ought to be dismissed because her charge is unperfected; and, therefore, she failed to exhaust her administrative remedies.

On November 19, 2015, the El Paso Area Office of the EEOC sent Plaintiff a letter accompanying her EEOC Charge that instructed her to "sign and return the charge within fifteen (15) days from the date of this letter." App. 141. The letter further stated that if she failed to return the signed charged within the time period, the EEOC would be "authorized to dismiss [her] charge and issue [her] a right to sue letter allowing [her] to pursue her matter in federal court." *Id*. Despite this warning, Plaintiff did not sign or verify her Charge of Discrimination. App. 138-139. On December 9, 2015, the EEOC sent a Notice of Charge of Discrimination to Defendant, informed Defendant that it did not need to take any further action, and informed it that the "[c]harging [p]arty failed to return a signed copy of EEOC Form 5, Charge of Discrimination." App. 131. On that same day, the EEOC sent a document to the TWC stating that the EEOC did not intend to initially investigate the charge. App. 130. Plaintiff's closure memorandum indicates that her EEOC charge was closed, as her charge was unperfected. App. 126. On December 16, 2015, the EEOC closed its file and issued Plaintiff a right-to-sue letter. App. 127. Plaintiff then filed this lawsuit within the required 90-day period on March 14, 2016. Despite not signing her charge, Plaintiff did submit a signed (but unverified) Intake Questionnaire, dated June 16, 2015. App 146. Near the end of Plaintiff's Intake Questionnaire, listed as a principal purpose of the form is that, "[c]onsistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge."

A discrimination charge must be filed "in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). The EEOC's regulations also require a charge to be in writing, signed, and verified. 29 C.F.R. § 1601.9. A charge is verified if it is "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." *Id*. § 1601.3(a). "The verification requirement is designed to protect an employer from the filing of frivolous claims." *Price v. Southwestern Bell Tel. Co*., 687 F.2d 74, 77 (5th Cir. 1982). That a charge is unsigned or unverified, however, does not necessarily mean that a plaintiff is barred from bringing suit on that charge. *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112-13, (2002) (rejecting the argument that a Title VII discrimination charge is invalid without the filer satisfying the oath or affirmation requirement). The EEOC, however, may waive the requirement that a charge be signed and verified. *Crawford v. Harris Cty. Juvenile Prob. Dep't*, 31 F. App'x 159 n.6 (5th Cir. 2001) (citing *Price*, 687 F.2d at 78-79). Additionally, at times an Intake Questionnaire may act as a charge, and making this determination would require an analysis of "the test outlined by the Supreme Court in *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 128 (2008), [which] require[s] a fact-intensive inquiry into the contents of the questionnaire." *Lavigne v. Cajun Deep Found.*, *L.L.C*., 654 F. App'x 640, 644 (5th Cir. 2016), *cert. denied*, No. 16-464, 2017 WL 1040870 (U.S. Mar. 20, 2017).

Whether Plaintiff has failed to file a second charge with the EEOC, which is a precondition to filing a lawsuit for violations of Title VII, the ADA, and the ADEA, has not been fully briefed by the parties. Defendant's argument does not consider the possibility that the EEOC may waive the signature and verification requirements; nor does it address whether Plaintiff's Intake

Questionnaire may act as a charge. Moreover, Plaintiff has wholly failed to respond to Defendant's Motion Dismiss. The issue of whether Plaintiff properly submitted a charge is procedural, not jurisdictional. The court, therefore, will deny Defendant's Motion to Dismiss pursuant to 12(b)(1) and declines to address this issue, as it has not been fully briefed by the parties. If necessary, Defendant may renew this argument at a later date.

### B.     Plaintiff's Failure to State a Claim

Defendant only raises a Rule 12(b)(6) motion to dismiss with respect to Plaintiff's discrimination claim for failure to train. As this claim arose from the First Charge, the court has already addressed that it will be dismissed with prejudice as time-barred, and no further discussion is necessary.

### V.     Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss with respect to Plaintiff's discrimination claims that arose from her First Charge, as those claims are procedurally time-barred for her failure to file suit within 90-days of receiving her right-to-sue letter. These claims are **dismissed with prejudice**. The court **denies without prejudice** Defendant's Motion to Dismiss Plaintiff's discrimination claims that arose from her Second Charge.

As Plaintiff is proceeding *pro se*, she should be allowed an opportunity to replead regarding her Second Charge. Ms. Ragland is admonished that she needs to state facts from which the court can reasonably infer that DCCCD has discriminated against her pursuant to the statutes under which she seeks relief. In other words, Plaintiff must set forth allegations, which if believed, would show that DCCCD is liable and she would be entitled to relief. A party cannot plead in a conclusory manner that she was discriminated against by her employer. Ms. Ragland is directed

to review section II(B) of this opinion for the proper pleading standard so that she can set forth facts to show that she was the victim of some kind of discrimination or retaliation. The court also **directs** Plaintiff to file an amended pleading to remove all claims that arose from the procedurally time-barred First Charge by **May 1, 2017**. Failure to plead in accordance with the standard herein set forth may result in dismissal for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) of the Federal Rules of Civil Procedure, or dismissal with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants may file a second motion to dismiss if it has adequate grounds that the pleadings are deficient, or if it believes the court lacks jurisdiction over any claims asserted in the amended pleading.

    **It is so ordered** this 31st day March, 2017.

 

Sam A. Lindsay
United States District Judge